IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,722






EX PARTE LUCIAN LEE SPANN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY






 Meyers, J., delivered the opinion of the Court, in which Price, Womack,
Johnson, Holcomb, and Cochran, J.J., joined. Keasler, J., concurred in the judgment. 
Keller, P.J., filed a dissenting opinion, in which Hervey, J., joined.



O P I N I O N




 Applicant was convicted on a plea of guilty for the offense of Theft of Property of
$750.00 or less, and was sentenced to a 15-year term in prison on July 23, 1991. He was
released on parole or mandatory supervision on July 8, 1996 ("RELEASE date"), with an
expiration date of May 25, 2006 (just under 10 years). (1) A parole-violator warrant was
issued on October 20, 1998, but was subsequently withdrawn on February 5, 1999. 
Applicant was returned to custody at the Texas Department of Correctional Justice
("TDCJ") on March 25, 1999, and re-released on January 26, 2000. This detention was for
a new conviction, however, and Applicant's parole was not revoked. On April 19, 2000,
another parole-violator warrant was issued, but the warrant was later withdrawn on June 22,
2000. Applicant was again returned to the TDCJ on August 3, 2000, and re-released on
January 18, 2001, but Applicant's mandatory supervision for this cause was not revoked. 
On August 6, 2001 ("SUMMONS date"), a summons relating to this cause was issued. 
Then, on September 4, 2001 ("WARRANT/REVOCATION date"), a parole-violator warrant
was issued for this cause, and Applicant's mandatory supervision was revoked on the same
date. Applicant applied for street-time credit, (2) but was denied such credit by the TDCJ
street-time credit office on June 18, 2002, "due to not meeting the mid-point." (3) Applicant
then filed this application on August 23, 2002.

 Applicant correctly asserts that Texas Government Code 508.283(c) applies to his
situation. Tex. Gov't Code Ann. § 508.283(c) (Vernon 2004). He has no prior or current
convictions which would place him under 508.149(a), (4) and section 508.283(c) applies to
"any revocation that occurs on or after September 1, 2001." Tex. Gov't Code Ann. §
508.283 (Vernon 2004); see also Parker v. Cockrell, 2002 U.S. Dist. LEXIS 14448 at *7-8 (N.D. Tex. Aug. 7, 2002). Section 508.283(c) reads:

 If the parole [or] mandatory supervision . . . of a person other than a person described by
Section
508.149(a)
is
revoked, the
person
may
be
required to
serve
the
remaining
portion of
the
sentence on
which
the
person
was
released. 
For a
person
who
on the
date of
the
issuance of a
warrant or
summons
initiating the
revocation
process is
subject to a
sentence the
remaining
portion of
which
is
greater than
the
amount of
time
from
the
date of
the
person's
release to
the
date of
issuance of
the
warrant or
summons,
the
remaining
portion is to
be
served
without
credit
for the
time
from
the
date of
the
person's
release to
the
date of
revocation. 
For a
person
who
on the
date of
issuance of
the
warrant or
summons is
subject to a
sentence the
remaining
portion of
which
is less
than
the
amount of
time
from
the
date of
the
person's
release to
the
date of
issuance of
the
warrant or
summons,
the
remaining
portion is to
be
served
without
credit
for an
amount of
time
equal
to the
remaining
portion of
the
sentence on
the
date of
the
issuance of
the
warrant or
citation.


 Basically, section 508.283(c) says that certain parole violators will receive street-time credit if the "remaining portion" of their sentence is less than the amount of time they
have spent out on parole. Although section 508.283(c) is worded in such a confusing
manner, it can be simplified into the following 2-pronged test for the purpose of
determining whether Applicant receives street-time credit: (5)

 1. If, on the SUMMONS (6) date, the "remaining portion" of Applicant's sentence
is greater than the time spent on parole, Applicant receives no street-time
credit for the time spent on parole.

 2. If, however, on the SUMMONS date, the "remaining portion" of Applicant's
sentence is less than the time spent on parole, Applicant receives street-time
credit for the amount of time spent on parole.

 But the equation cannot be said to be that simple without asking a crucial question: 
For purposes of determining street-time credit (whether the "remaining portion" of the
sentence is greater than the time spent on parole), what does "remaining portion" in
508.283(c) mean? Does "remaining portion" mean merely that part of the sentence which
is remaining as of the RELEASE date (without considering the amount of time spent out on
parole), or does it mean that part of the sentence remaining at the RELEASE date less the
time spent on parole? The difference in these two possible interpretations is more
thoroughly examined below.

Legislative History

 When interpreting a statute, this Court focuses "on the literal text of the statute in
question and attempt[s] to discern the fair, objective meaning of that text at the time of its
enactment." Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To assist with
statutory interpretation, the legislature has provided Texas Government Code Section 311
(the "Code Construction Act"), which states, "it is presumed that . . . the entire statute is
intended to be effective." Tex. Gov't Code Ann. § 311.021 (Vernon 2004). In addition, a
court may consider "legislative history" and the "object sought to be attained" even when an
ambiguity does not exist. Id. at section 311.023. However, despite the broad latitude
afforded by the legislature, this Court considers "extra-textual factors" such as legislative
history only when the plain language of the statute is "ambiguous" or when a literal
interpretation would lead to "absurd results." Boykin, 818 S.W.2d at 785. Because
"remaining portion" is subject to two interpretations, section 508.283(c) is ambiguous, and
we therefore turn to legislative history to help determine the intended meaning of the
statute.

 Prior to 2001, section 508.283 prescribed that any parole violator forfeited the
benefit of street-time credit. (7) See Act of July 1, 1999, 76th Leg., R.S., ch. 62, 1999 Tex.
Gen. Laws 62 (amended 2001) (current version at Tex. Gov't Code Ann. §508.283(c)
(Vernon 2004)). But in 2001, section 508.283 was amended, adding substantive changes to
the statute. Act of May 08, 2001, 77th Leg., R.S., ch. 1197, 2001 Tex. Gen. Laws 856. The
goal of the amendment was to lessen the sentence of non-violent parole violators (versus
violent parole violators) whose time spent out on parole exceeded their remaining
sentence. Hearing on Tex. H.B. 1585 Before the House Comm. on Corrections, 77th Leg.,
R.S. (Mar. 6, 2001) (statements of Representative Gallego and Victor Rodriguez) (audio at
www.house.state.tx.us/commitees/audio77/200.htm, begins at 1:17:15). (8) The amended
statute specifically states that certain violent offenders (persons under 508.149(a)) forfeit
street-time credit if their parole is revoked. It articulates that if the parole or mandatory
supervision "of a person described by Section 508.149(a)" is revoked, then the person
does not receive credit for any time out on parole. Tex. Gov't Code Ann. § 508.283(b)
(Vernon 2004) (emphasis added). Before the amendment, that section had not specified
any particular class of persons, but had applied to all parole violators uniformly. Id. 
Additionally, the amended section 508.283(c) provides that, under certain circumstances,
some persons (those not falling under provisions of 508.149(a)) retain street-time credit
after their parole or mandatory supervision is revoked. Id. Clearly, adding such language
was for the purpose of distinguishing and benefitting certain offenders who had completed
more than half of their remaining sentence on parole; otherwise, there would have been no
reason to change the statute from the original construction.

 One can easily see the illogical impact the first possible interpretation of
"remaining portion" would have on the effectiveness of section 508.283(c). For example,
if "remaining portion" was meant to refer only to the portion of the sentence remaining on
the RELEASE date, without credit for time spent on parole, then only in the event that the
time spent on parole was equal to or greater than the remaining sentence on the RELEASE
date would Applicant receive any street-time credit. Such an outcome simply does not
make sense. In Applicant's situation, he had 10 years of a 15-year sentence remaining on
his RELEASE date. He spent over 5 years out on parole. But, in order for him to receive
street-time credit for that 5-year period, Applicant would have to complete the entire
parole time of almost 10 years (because the remaining portion of the sentence on the
RELEASE date-- just less than 10 years -- would be greater than any parole period less than
that full amount). Applicant would thus have to serve almost 10 more years to finish out his
sentence. Such an interpretation would render section 508.283(c) meaningless because it
would only credit time where the remaining sentence had already been completed. In fact,
under such an interpretation, the amended 508.283(c) would essentially have the same
effect as the former section 508.283, and 508.283(c) would thus be superfluous.

 On the other hand, if the "remaining portion" is that portion of the sentence
remaining on the RELEASE date less time spent on parole, Applicant would have a
"remaining portion" of a little over 4 ½ years (approximately 10 years at the RELEASE
date less 5-plus years on parole). Because Applicant's time on parole would be greater than
roughly 4 ½ years remaining of the sentence, Applicant would serve the "remaining portion
. . . without credit for . . . the remaining portion of the sentence at the [WARRANT date]." 
Tex. Gov't Code Ann. § 508.283(c) (Vernon 2004). This means Applicant would get
street-time credit for the time on parole up to the WARRANT date.

 Comments made at a public hearing by State Representative Gallego and by the
former chairman of the Texas Board of Pardons and Paroles, Victor Rodriguez, help
illustrate that the equation to determine the "remaining portion," for purposes of
508.283(c), should be the sentence remaining as of the RELEASE date less time spent on
parole. At the hearing, Rodriguez pointed out that if the remaining portion of the sentence
is greater than the amount of time a person has been out of jail, then section 508.283(c) has
"no effect." Hearing on Tex. H.B. 1585 Before the House Comm. on Corrections, 77th
Leg., R.S. (Mar. 6, 2001) (at 1:28:30) (comments of Victor Rodriguez). Such a comment
reinforces the option of subtracting parole time from the RELEASE date because it
illustrates that section 508.283 actually has the same effect as the former 508.283
(forbidding any street-time credit after parole revocation) unless an applicant's remaining
sentence is less than the amount of time spent on parole. The following example, similar to
one given by Representative Gallego at the same hearing, further clarifies the impact of the
amendment to section 508.283:

 

 Assume a non-violent offender who is sentenced to a 10-year term in 1990, who
serves 4 years in TDCJ, and who is released on parole in 1994. At this point, the
remaining sentence is 6 years. After 5 years on parole, the offender has his parole
revoked. Under the old law, the offender would be required to serve the entire 6-year sentence, making his total commitment 15 years (4 in prison, 5 out, and 6 more
in prison). Under H.B. 1585, because the offender was non-violent, and because at
the date of revocation the remaining portion of his sentence (6 years at release less
5 years on parole = 1 year) was less than the time served on parole (5 years), the
offender would get credit for his time on parole. His total remaining sentence
would be 1 year.

Id. at 1:18:15 (comments of Representative Gallego). This example gives a clear
understanding that the legislature intended "remaining portion" to be the RELEASE date
less time spent on parole.

Case Law

 Few cases deal specifically with section 508.283(c). In Ross v. Cockrell, 2002 U.S.
Dist. LEXIS 18315 (N.D. Tex. September 30, 2002), the petitioner filed for a writ of
habeas corpus after his parole was revoked and he was refused street-time credit towards
his remaining sentence. Id. at *2. The petitioner, who was not a person under section
508.149(a), was released on parole for the remaining 11 years out of a 15-year sentence. 
After spending "766 days on parole," the petitioner had his parole revoked. Id. First, the
court noted that, like Applicant, because the petitioner was not a person under section
508.149(a), and because the parole was revoked after September 1, 2002, "section
508.283(c) [controlled] whether he [was] entitled to credit." Id. In rendering its decision,
the court reasoned that section 508.283(c) did not afford the petitioner street-time credit
because the "[p]etitioner's remaining sentence of 11 years [was] greater than the 766 days
he spent on parole." Id. Though the facts in Ross did not afford the petitioner street-time
credit under any interpretation of "remaining portion," the court apparently interpreted
"remaining portion" to mean the portion remaining at the petitioner's RELEASE date,
without taking into account time spent on parole. It is true that the court first appears to
calculate the "remaining portion" as of the RELEASE date less time spent on parole by
stating that "[w]hen TDCJ began the process of revoking his parole, Petitioner had more
than eleven [sic] years remaining on his 15-year sentence . . . ." Id. (emphasis added). 
Using the date when the revocation process began would impliedly mean that the court
figured the remaining portion by taking the RELEASE date and subtracting the time spent
on parole up until the revocation process commenced. But the petitioner had a 15-year
sentence, spent 3½ years in jail, then spent 2 years and 36 days on parole. If the court had
indeed used the RELEASE date less time spent on parole, the petitioner would only have
had a remaining sentence of 9 years and 5 months. (9) The only way for the Petitioner to have
had "more than eleven years remaining on his 15-year sentence" would be for the court to
have calculated the "remaining portion" as of the RELEASE date, without regard to time
spent out on parole. This Court is not bound by the Ross decision, and to the extent that
decision conflicts with what we construe as an accurate interpretation of the statute, we
decline to follow. The proper interpretation of "remaining portion" is the remaining
portion of the sentence on the RELEASE date, less time spent on parole.

Conclusion

 After a careful analysis, we have determined that, of the two possible interpretations
of "remaining portion" in section 508.283(c), only one interpretation will render the
statute effective and consistent with legislative intent. "Remaining portion"in section
508.283(c) refers to that part of the sentence remaining at the RELEASE date, less time
spent on parole.

 Relief is granted. The Texas Department of Criminal Justice time credit office is
hereby ordered to award Applicant street-time credit equal to the time he spent out on
parole for this cause.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice
time credit office, so that Applicant's street-time credit may be calculated in accordance
with our holding.


 Meyers, J.


Delivered: April 21, 2004

Publish
1. We note that the record is unclear, making it difficult to determine exact dates of incidents
and certain actions taken pertaining to Applicant's record.
2. Street-time credit refers to calendar time a person receives towards his sentence for days
spent on parole or mandatory supervision.
3. From the supporting affidavits in the record, it is unclear what date the TDCJ office
considered to be the "mid-point," as well as how the office came to the conclusion that Applicant had
not met such mid-point.
4. Persons described under Section 508.149(a) of the Texas Government Code include those
guilty of certain violent offenses. Tex. Gov't Code Ann. § 508.149(a) (Vernon 2002).
5. This test is merely to simplify the language of the statute for easier comprehension. It is not to
be used as the sole test for determining the effect of 508.283(c) as a whole.
6. Note that the SUMMONS date is used for computing the time spent on parole, rather than
the WARRANT date, because section 508.283(c) says "on the date of the issuance of a warrant or
summons initiating the revocation process . . . ." Tex. Gov't Code Ann. §508.283(c) (Vernon
2002) (emphasis added). The summons, requesting Applicant to appear for a pre-revocation hearing
and thus starting the revocation process, was issued August 6, 2001. The warrant was not issued
until September 4, 2001.
7. Before the 2001 amendments, section 508.283(c) merely stated: "If a person's parole . . .
[or] mandatory supervision . . . is revoked, the person may be required to serve the remaining portion
of the sentence on which the person was released. The remaining portion is computed without credit for
the time from the [RELEASE date] to the [REVOCATION date]." See Act of July 1, 1999, 76th
Leg., R.S., 1999 Tex. Gen. Laws 62.
8. HB 1585 was subsequently vetoed by the Governor on June 17, 2001. However, the exact
same language is included in HB 1649, which became effective September 1, 2001. Thus, the policies
and arguments made at the HB 1585 hearings can equally be applied to the identical portions of HB
1649.
9. The remaining sentence would have been 11 years at the RELEASE date, less 2 years and 1
month on parole, for a remaining sentence of about 9 years and 5 months.